AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of West Virginia

FILED
MAY 21 2018
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Samuel Braheem Crawford | ) | Case No. |
| | ) | 3:18-mj-00041 |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of __December 4, 2016__ in the county of __Cabell__ in the __Southern__ District of __West Virginia__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:
See Attachment.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Paul Hunter Task Force Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: May 21, 2018

_____
*Judge's signature*

City and state:   Huntington, West Virginia       Cheryl A. Eifert, United States Magistrate Judge
*Printed name and title*

## A F F I D A V I T

STATE OF WEST VIRGINIA

COUNTY OF CABELL, to-wit:

I, Paul Hunter, being duly sworn, hereby depose and state as follows:

I am employed as a police officer with the Huntington Police Department, Huntington, Cabell County, WV, as of June of 1996 to present. I was previously assigned to the Patrol Division of the Huntington Police Department. I am currently assigned to the Huntington Police Department Drug and Vice Division and the Huntington FBI Drug Task Force and am federally deputized as a Task Force Agent with the FBI. As a Task Force Agent, I am an investigative law enforcement officer of the United States of America within the meaning of Section 2510(7) of Title 18 United States Code (U.S.C.), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18 U.S.C.

I have routinely investigated numerous cases on the state and federal levels involving the trafficking, use, and possession of illegal controlled substances including marijuana, cocaine (HCL), cocaine base, heroin, and pharmaceuticals. I am also familiar with the appearance, packaging, paraphernalia, and distribution of marijuana, cocaine (HCL), cocaine base, heroin, pharmaceuticals,

and other commonly used street drugs. I have received specialized training during the basic officer academy at the West Virginia State Police Academy where part of course of study dealt with Criminal Investigations, Drug Identification Techniques, and the Laws Regulating Controlled Substances.

I have also investigated numerous cases on the state and federal levels involving firearms.

Based on information ascertained in this investigation, I believe there is probable cause to show that Samuel Crawford (hereinafter "defendant") violated 18 U.S.C. § 922(g)(1), in that he was previously convicted of a crime punishable by imprisonment for a term exceeding one year and that he did knowingly possess a firearm, in and affecting interstate and foreign commerce.

On December 4, 2016, officers with the Huntington Police Department executed a search warrant at the defendant's residence, 240 W 6th Avenue in Huntington, West Virginia, and within the Southern District of West Virginia.

Upon executing the search warrant at 240 W 6th Avenue, officers located a Smith & Wesson M&P, model AR 15, .223 caliber rifle in the bedroom closet.

In a statement to officers, defendant stated he purchased the firearm for a friend and was keeping it for her.

Officers were made aware that the defendant could not legally possess a firearm. The defendant was previously convicted on or

about February 25, 2013 in the Court of Common Pleas of Delaware County Pennsylvania for the felony offense of Manufacturing/Delivery or Possession with Intent to Manufacture or Deliver a controlled substance in violation of 35 P.S. 780-113 Section A30, which is a felony offense punishable by more than one year.

On or about May 7, 2018, Alcohol, Tobacco, Firearms and Explosives Special Agent Bullard examined the aforementioned firearm and made a Nexus determination. Special Agent Bullard determined that it met the legal definition of "firearm", and had traveled in interstate commerce. Specifically, the firearm was manufactured outside the State of West Virginia, and thereby affected interstate or foreign commerce pursuant to 18 U.S.C. § 922(g)(1).

Further your affiant sayeth naught.

_____
Paul Hunter
Task Force Agent, FBI

Sworn to and subscribed before me this 21st day of May, 2018.

_____
CHERYL A. EIFERT
UNITED STATES MAGISTRATE JUDGE